UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL YELAPI, et al.,**

      **Plaintiffs,**

**v.**                               **Case No. 8:01-CV-787-T-EAJ**

**HEALTHSOUTH CORPORATION,**

      **Defendant.**

_____/

## ORDER

Before the Court are the parties' **Joint Notice of Filing of Third Amended and Restated Accessibility Compliance Reports** (Dkt. 136), the parties' **Joint Notice of Filing of Proof of Notice** (Dkt. 145), and the **Report and Recommendation of the Special Master on Parties' First 21 Accessibility Compliance Reports**. (Dkt. 137)   A hearing was held on August 21, 2012 regarding this matter.

Plaintiffs are a class of disabled individuals alleging that Defendant HealthSouth Corporation ("HealthSouth") discriminated against them based on their disabilities.[1]  Defendant is an owner and operator of medical care facilities and medical office buildings throughout the United States. Plaintiffs seek declaratory and injunctive relief for Defendant's alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., ("ADA") and section 504 of the Rehabilitation Act, 29 U.S.C. § 701 et seq. ("Rehabilitation Act").  At the time of the August 21, 2012 hearing, the parties indicated that Defendant currently owns or operates approximately 100

---

[1]  On April 8, 2002, the Court certified a class of plaintiffs consisting of all persons in the United States with disabilities, as defined by the ADA and the Rehabilitation Act. (Dkt. 25)

facilities and buildings relevant to this case.

The parties entered into a Procedural Settlement and Consent Decree ("Consent Decree"), which the Court approved on December 16, 2005 after a Federal Rule of Civil Procedure 23(e) fairness hearing. (see Dkts. 88, 89, 95)

The Consent Decree requires that the Court approve for each of Defendant's facilities an Accessibility Compliance Report ("ACR") submitted by the parties identifying all alleged access barriers and required accessibility modifications.  Once the Court approves an ACR, Defendant will implement the accessibility modifications prescribed in the ACR for a particular facility and submit a sworn Declaration of Completion ("DOC") in accordance with 28 U.S.C. § 1746, certifying that the facility's modifications have been completed pursuant to the Court approved ACR.[2]

The Court appointed as Special Master Robert S. Fine, Esq., to review the ACRs and recommend means of removing such access barriers in a manner consistent with the ADA, the Rehabilitation Act, and the ADA Accessibility Guidelines ("ADAAG").  Once approved by the Court, an ACR embodies the only required modifications for the facility to comply with the ADA, the Rehabilitation Act, and the ADAAG.  Thus, each approved ACR is a settlement as to the facility subject to the ACR,  triggering the notice requirements of Federal Rule of Civil Procedure 23(e). Also pursuant to the Consent Decree, each order approving an ACR shall constitute a final judgment under Federal Rule of Civil Procedure 54(b).

The parties now ask the Court for approval of fourteen ACRs.  Each of the ACRs covers a

---

[2] Along with each DOC submitted to the Court, the parties shall provide to the Court a Joint Stipulation and Partial Release of Claims that releases claims related to the facilities that are encompassed by the DOCs submitted to the Court.  Ninety days from the date a DOC is filed with the Court, any Joint Stipulation and Partial Release of Claims filed therewith shall become final and binding on the parties, and the Court's jurisdiction as to that facility will terminate.

separate facility owned by Defendant.[3]  The parties submitted the fourteen ACRs to the Court (Dkt. 136), the Special Master entered a Report and Recommendation regarding removal of the barriers identified in the ACRs (Dkt. 137), and a duly noticed  hearing was held on August 21, 2012.  (Dkt. 146)[4]

Federal Rule of Civil Procedure 23(e) requires notice in a reasonable manner to all class members who would be bound by a settlement or compromise. Fed. R. Civ. P. 23(e)(1).  The parties posted notice at the facilities, published notice in the primary daily newspapers of the local areas served by the facilities, and provided notice on a website that offered additional and more detailed information.  (Dkt. 145)  These procedures provide notice and an opportunity to be heard to the class members and comply with Rule 23(e) of the Federal Rules of Civil Procedure. (Dkt. 141) Accordingly, the parties have provided adequate notice to all class members bound by these settlements.

The court may approve a proposal that binds class members only after a hearing and on finding that it is fair, reasonable, and adequate.  Fed. R. Civ. P. 23(e)(2).  Approval of a class action

---

[3]  The fourteen ACRs submitted to the Court for approval are: ACR 090, 5700 Fitzhugh Avenue, Richmond, VA (Dkt. 136 Ex. 1); ACR 094, 515 Ray Hunt Drive, Charlottesville, VA (Dkt. 136 Ex. 2); ACR 095, 515 Ray Hunt Drive, Suite 210, Charlottesville, VA (Dkt. 136 Ex. 3); ACR 101, 220 Tilgham Road, Salisbury, MD (Dkt. 136 Ex. 4); ACR 143, 2201 Wildwood Avenue, Little Rock (Sherwood), AR (Dkt. 136 Ex. 8); ACR 219, 254 Pleasant Street, Concord, NH (Dkt. 136 Ex. 9); ACR 222, 335 Brighton Avenue, Portland, ME (Dkt. 136 Ex. 10); ACR 238, 7000 Jefferson NE, Albuquerque, NM (Dkt. 136 Ex. 11); ACR 311, 113 Cassell Dr., Kingsport, TN (Dkt. 136 Ex. 12); ACR 321, 1282 Union Avenue, Memphis, TN (Dkt. 136 Ex. 13); ACR 322, 4100 Austin Peay Hwy., Memphis, TN (Dkt. 136 Ex. 14); ACR 327, 2201 Children's Way, Nashville, TN (Dkt. 136 Ex. 16); ACR 333, 4465 Narrow Lane Road, Montgomery, AL (Dkt. 136 Ex. 18); ACR 339, 3800 Ridgeway Drive, Birmingham, AL (Dkt. 136 Ex. 20)

[4]  Due to a communication error between Defendant and its media agency, notice was not published in the newspapers identified for seven of the twenty-one facilities. (T 143) Those facilities will be addressed at a later hearing after due notice has been provided. (Dkt. 144)

settlement requires a finding that the settlement is "fair, adequate and reasonable and is not the product of collusion between the parties." Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984) (citation omitted).  To determine whether the settlement is fair, reasonable, and adequate, the Court considers the following factors: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.  Id.; see also Manual for Complex Litigation § 21.62 (4th ed. 2004).

The likelihood of success at trial in this case is uncertain. Plaintiffs' range of possible recovery spans from a finding of non-liability to varying levels of injunctive relief at individual medical facilities. The ACRs provide relief at or above the highest range of possible recovery.  This is a highly complex case requiring an analysis of the ADA, Rehabilitation Act, and ADAAG as to each HealthSouth facility across the country.  This matter would require a protracted and expensive trial and appeal with uncertain results.  At this stage of the proceedings, the parties have expended much effort in analyzing the issues and resolving their disputes.  The parties have sufficient information to obtain approval of the first set of ACRs so that remediation can be accomplished.

The Special Master found that the accessibility modifications required in the ACRs "represent appropriate compliance with the applicable requirements of the ADA, its regulations, and architectural guidelines" and that they are "fair, adequate and reasonable" pursuant to Bennett. (Dkt. 137); see Bennett, 737 F.2d at 986.  During the fairness hearing, Plaintiffs' counsel stated that the parties achieved a phenomenal outcome that surpassed the relief that Plaintiffs could have obtained at trial.  Plaintiffs' counsel contributed the excellent results to Defendant's actions, expressed that

4

Defendant went above and beyond the requirements in preparing the ACRs, and commended Defendant's commitment to the case.  Plaintiffs' counsel described the parties' and the Special Master's diligence in reviewing and preparing the ACRs.

Additionally, no objections to the Special Master's Report and Recommendation or any ACRs have been  raised, and there is no evidence of collusion.  Accordingly, the fourteen ACRs represent fair, reasonable, and adequate resolution of the disputes between the parties as to the fourteen ACRs at issue, they are not the product of collusion, and the record demonstrates that the settlements satisfy the factors set forth in <u>Bennett</u> and otherwise comply with Federal Rule of Civil Procedure 23(e).

Upon consideration, it is **ORDERED and ADJUDGED** that:

(1)     the Report and Recommendation of the Special Master on Parties' First 21 Accessibility Compliance Reports (Dkt. 137) is **ADOPTED** and incorporated by reference as to the fourteen ACRs submitted for approval; and

(2)     the following fourteen Accessibility Compliance Reports (Dkt. 136) are **APPROVED**: ACR 090, 5700 Fitzhugh Avenue, Richmond, VA (Dkt. 136 Ex. 1); ACR 094, 515 Ray Hunt Drive, Charlottesville, VA (Dkt. 136 Ex. 2); ACR 095, 515 Ray Hunt Drive, Suite 210, Charlottesville, VA (Dkt. 136 Ex. 3); ACR 101, 220 Tilgham Road, Salisbury, MD (Dkt. 136 Ex. 4); ACR 143, 2201 Wildwood Avenue, Little Rock (Sherwood), AR (Dkt. 136 Ex. 8); ACR 219, 254 Pleasant Street, Concord, NH (Dkt. 136 Ex. 9); ACR 222, 335 Brighton Avenue, Portland, ME (Dkt. 136 Ex. 10); ACR 238, 7000 Jefferson NE, Albuquerque, NM (Dkt. 136 Ex. 11); ACR 311, 113 Cassell Dr., Kingsport, TN (Dkt. 136 Ex. 12); ACR 321, 1282 Union

Avenue, Memphis, TN (Dkt. 136 Ex. 13); ACR 322, 4100 Austin Peay Hwy.,

Memphis, TN (Dkt. 136 Ex. 14); ACR 327, 2201 Children's Way, Nashville, TN

(Dkt. 136 Ex. 16); ACR 333, 4465 Narrow Lane Road, Montgomery, AL (Dkt. 136

Ex. 18); ACR 339, 3800 Ridgeway Drive, Birmingham, AL (Dkt. 136 Ex. 20); and

(3)     this order constitutes a final judgment pursuant to Rule 54(b) of the Federal Rules of

Civil Procedure.  This order will be independently subject to all rights of judicial

review provided by law for judgments of the Court, including appeal as of right under

the Federal Rules of Civil and Appellate Procedure, without awaiting the conclusion

of this proceeding or entry of any other judgments contemplated by the Consent

Decree or any other final judgment  as to any one party, or all of the parties.

**DONE and ORDERED** in Tampa, Florida on this 28th day of August, 2012.


ELIZABETH A JENKINS
United States Magistrate Judge

6